LAW OFFICES OF STEVE TSAI, ALC
Steve T. Tsai (SBN 173129)
Olen Spectrum Centre,
27 Mauchly, Suite 212
Irvine, CA 92618
(949) 788-0968
(949) 788-0966 (fax)
stsai@lawyer4biz.com

Attorneys *Specially Appearing* for Defendant PEACOCK COMMUNICATONS ATSSC, Inc. dba Atlanta Telephone Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VS MARKETING & MEDICAL, INC., Plaintiff, vs. PEACOCK TELEPHONE COMMUNICATIONS dba ATLANTA TELEPHONE COMPANY, and DOES 1 through 50, inclusive. Defendants. | Case No.: SACV 09-841 DOC (VBKx) **DEFENDANT PEACOCK COMMUNICATIONS ATSSC, INC.'S MEMORANDUM OF POINTS AND AUTHORITIIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR ALTERANTIVELY TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA** **DATE: August 24, 2009** **TIME: 8:30 A.M.** **CTRM: 9D** |

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF FACTS .......... 2

II. ARGUMENT .......... 6

A. PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER ATLANTA IN CALIFORNIA .......... 6

1. The Legal Standard .......... 6

2. Plaintiff Cannot Establish General Personal Jurisdiction .......... 8

i. Atlanta Does Not Have the Mandated Substantial, Continuous and Systematic California Contacts .......... 8

ii. Exercising General Personal Jurisdiction Would Be Unreasonable .......... 11

3. Plaintiff Cannot Establish Specific Personal Jurisdiction Either .......... 11

i. Atlanta Has Not Purposefully Availed Itself of California .......... 12

ii. Plaintiff's Claim Do Not Arise Out of or Result from Atlanta's California Contacts .......... 12

iii. Exercising Specific Personal Jurisdiction Would Be Unreasonable .......... 13

B. VENUE IS IMPROPER HERE AND, ALTERNATIVELY, IF THE COURT DOES NOT DISMISS THIS ACTION IT SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA .......... 16

IV. CONCLUSION .......... 17

## TABLE OF AUTHORITIES

Page

CASES

Alperin v. Vatican Bank, 410 F.3d 532, 539 n.1 (9th Cir. 2005). .............. 6

Amoco Egypt Oil v. Leomis Navigation Co., Inc., 1 F.3d 848 (9th Cir. 1993)........................................................................ 7,11,14

Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ........................... 6

Coastal Video Communications Corp. v. Staywell Corp., 59 F.Supp.2d 562, 571 (E.D. Va 1999)............................................ 9

Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-1243 (9th Cir. 1984) .......................................................... 11

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).............................................................. 16

Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ........................... 5

Estate of Stephen Bank v. Swiss Valley Farms, Co., 286 F.Supp.2d 514, 518 (D.Md. 2003) ........................................................................... 9

Glencore Grain Rotterdam B.V. v Shivnath Rai Harnarain Co., 284 F.3d 1114 (9th Cir. 2002) ................................................. 7,12,14

Int'l Shoe Co. v. Washington, 326 US 310, 316 (1945)............................ 6

Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd., 64 F.Supp.2d 448, 451 (E.D. Pa.,1999).......................................... 9,10

PI, Inc. v. Quality Products, Inc., 907 F.Supp. 752, 757 (S.D.N.Y. 1995).. 16

Pacific Atlantic Trading Co.,Inc. v. M/V Main Exp., 758 F.2d 1325, 1331 (9th Cir. 1985)............................................................... 16

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004)...................................................................... 7,11

Frank Sinatra v National Enquirer, Inc., 854 F.2d 1191 (9th Cir. 1988)...... 14

**STATUTES** **Page**

Cal. Code Civ. Pro. § 410.10 .......... 6

28 U.S.C. §§ 1404(a).......... 16

28 U.S.C. §§ 1391(a)(1), (a)(2) & (c) .......... 16

**TREATISES** **Page**

16-108 Moore's Fed. Prac.-Civ., §108.44 & n. 21 .......... 9

Defendant Peacock Communications ATSSC, Inc., dba Atlanta Telephone Company ("Atlanta"), respectfully requests the Court to dismiss this action for lack of personal jurisdiction because Atlanta does not have the mandated minimum contacts with California and it would be unreasonable to compel Atlanta to defend itself here in this alleged breach of contract action, and for improper venue; or alternatively, to transfer venue to the Northern District of Georgia, as set forth below.

## I. STATEMENT OF FACTS

Plaintiff VS Marketing & Medical, Inc.'s ("VS") Complaint sounds in contract as the heart of its allegations is that Atlanta allegedly did not sell it the Nortel telephones it had ordered, i.e., the goods were allegedly non-conforming. [Complaint, ¶¶ 5-8, 13, 19] Atlanta is a Georgia corporation and has its primary and only place of business in Duluth, Georgia. [Peacock Dec., ¶ 4]

Atlanta does not have any offices or places of business outside Georgia, whether owned or leased. [Id.] Atlanta has never used, owned or leased an office, showroom, factory, warehouse or other business facility in, or attended any trade shows in California. [Id., ¶ 5] It has no telephone numbers, showrooms or other display or sales facilities in California, and owns no real estate or bank accounts and has no subsidiaries in California. [Id.] It does not engage in print, television or radio advertising in or direct such advertising at California. [Id.] Nor has

Atlanta paid any California taxes. [Id.] It also does not have a toll free number. [Id.]

Atlanta is not authorized or registered to do business in California and none of its employees have traveled to California on its behalf. [Id., ¶ 6] All of Atlanta's employees work and reside in Georgia. [Id.] None of its employees, officers or directors reside, are domiciled or work in California. [Id.] Atlanta does not have any agent for service of process or sales agent, distributor, accountant or attorney in California, apart from its specially appearing counsel in this action. [Id.,] It has not sued or defended against any suit in California. [Id.]

Atlanta does not direct e-mail solicitations to California residents. [Id., ¶ 7] Its interactive website, a substantial portion of which has been under construction since the site came on-line about July 2008, is hosted in Florida. [Id.] The site is largely informational and does not have a toll free number or live-chat function or allow purchases to be completed or paid for on-line, whether by credit card, Pay Pal or other means. [Id.,] The site has a link to the website one of Atlanta's vendors, Avaya, but Atlanta receives no commissions, royalties or financial or economic benefit from any sales by Avaya on its website. [Id.] Atlanta and Avaya are separate entities and neither is the agent of the other. [Id.] Atlanta has not completed or consummated any sales to California customers on-line, through its

website, and none of its limited sales to California customers originated from the site. [Id.]

In or about July 2008, Atlanta made a single sale of the genuine Nortel telephones at issue in this litigation to VS Marketing & Medical, Inc. ("VS"), pursuant to its Purchase Order No. VS08-005, FOB Georgia. [Id., ¶ 8] VS solicited this order, initiated the discussions concerning it and completed these discussions at Atlanta's office in Georgia, after Vince Solon of VS had inspected at Atlanta's office samples of the genuine Nortel phones it was purchasing with this order. [Id.] On its part, Atlanta conducted all discussions concerning this order in Georgia. [Id.] VS placed this order after its inspection, and Atlanta accepted, filled and received payment for it in Georgia. [Id. ] VS sent a trucking / shipping company to Atlanta to pick up the genuine Nortel telephones it had purchased, for delivery to its customers. [Id.] Atlanta procured the phones for this order from a Tennessee vendor. [Id.] Atlanta has not serviced the phones VS purchased or done any other business with it. [Id.]

Excluding its above single sale to VS, Atlanta has only had a small number of purchases from nine to twelve California customers totaling approximately $10,154 in 2007 and $12,693 in 2008. [Id., ¶ 9] These sales amounted to *less than 1%* of Atlanta's total sales for 2007 and 2008, respectively. [Id.] All but three of these customers solicited on their own their initial purchase from Atlanta.

[Id.] All subsequent purchases by these customers were also solicited by them on their own. [Id.]

The great majority of the documents involved in the single sale at issue in this action are located in Georgia, including but not limited to invoices, payment and shipping documents and correspondence. [Id., ¶ 10]

Atlanta is a small company with only six employees, and travel of its executives and other employees to California would be extremely burdensome and potentially damaging to the company's financial state. [Id., ¶ 11] It would be unreasonable to require Atlanta to defend this action in California for the above reasons and since all of Atlanta's employees who are witnesses to the discussions and negotiations concerning VS' purchase order, the processing and procurement of the phones at issue, the shipping, re-shipping and payment for the order, and the communications concerning these matters are in Georgia; none of these employees can be compelled to testify in California as they are not subject to subpoena there, whereas the contrary is true for Georgia; and Georgia is a suitable alternative forum where this dispute can be resolved. [Id., ¶ 12]

# II. ARGUMENT

## A. PLAINTFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER ATLANTA IN CALIFORNIA

### 1. The Legal Standard

Plaintiff VS has the burden of establishing a prima facie case of personal jurisdiction over Atlanta. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) Plaintiff must show facts, which if true, would establish jurisdiction and cannot do so simply by relying on the bare allegations of the Complaint. 248 F.3d at 922; Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). "Mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Alperin v. Vatican Bank, 410 F.3d 532, 539 n.1 (9th Cir. 2005).

Plaintiff must establish that exercising personal jurisdiction over Atlanta will not violate federal Constitutional due process. Cal. Code Civ. Pro. § 410.10; Schwarzenegger, 374 F.3d at 801. Due Process requires that in order to exercise personal jurisdiction over a defendant, it must have "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice". Int'l Shoe Co. v. Washington, 326 US 310, 316 (1945).

General personal jurisdiction refers to jurisdiction to adjudicate claims that do not arise from the defendant's contacts with the forum state. Glencore Grain Rotterdam B.V. v Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). It is synonymous with physical presence in the forum: the defendant's contacts with the forum "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence'". 284 F.3d at 1124. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world". Schwarzenegger, 374 F.3d at 801. A court may exercise general jurisdiction if substantial, continuous and systematic contacts are present and then, only if it would be reasonable to do so. Amoco Egypt Oil v. Leomis Navigation Co., Inc., 1 F.3d 848, 852-53 (9th Cir. 1993).

Absent general personal jurisdiction, the court can only exercise specific personal jurisdiction based on the relationship between defendant's forum contacts and the plaintiff's claim. Glencore, 284 F.3d at 1124. The Ninth Circuit employs a three part test to determine specific personal jurisdiction: (1) defendant has purposefully directed his activities at the forum or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum; (2) plaintiff's claim must be one that arises out of or related to the defendant's forum related activities; and (3) the exercise of jurisdiction would be reasonable.

Id. at 1123

### 2. Plaintiff Cannot Establish General Personal Jurisdiction

#### i. Atlanta Does Not Have the Mandated Substantial, Continuous and Systematic California Contacts

Atlanta does not have the mandated minimum contacts with California for general personal jurisdiction.

To begin with, Atlanta possesses none of the traditional, physical contacts associated with approximate or actual physical presence in California. Atlanta is not authorized or registered to do business in California, and it does not pay California taxes. None of its employees, officers or directors reside, are domiciled or work in California. Atlanta does not have any agent for service of process, sales agent, distributor, accountant or attorney in California, apart from its specially appearing counsel in this action. It has not sued or defended against any suit in California. Atlanta has never used, owned or leased an office, showroom, factory, warehouse or other business facility in, or attended any trade shows in California. None of its employees have traveled to California on its behalf. It has no telephone numbers, toll free or not, showrooms or display or sales facilities in California, owns no real estate or bank accounts, and has no subsidiaries in California. It does not engage in print, television or radio advertising in or direct

such advertising at California, and it does not direct e-mail solicitations to California residents.

Atlanta's interactive, but largely informational website, hosted in Florida, does not change its lack of physical presence in California. It does not allow purchases to be paid for or completed on-line, and has no toll free number or live-chat function. Atlanta has made no sales originating from its website to anyone in California. Even if Atlanta's website were highly interactive, absent sufficient sales to California customers, the existence of the website alone does not suffice for general jurisdiction. Coastal Video Communications Corp. v. Staywell Corp., 59 F.Supp.2d 562, 571 (E.D.Va. 1999); See, also, Estate of Stephen Bank v. Swiss Valley Farms, Co., 286 F.Supp.2d 514, 518 (D.Md.2003) ("Without evidence of actual sales made to Maryland residents, it would seem that the operation of a website that merely offers the possibility of transacting cannot be characterized as anything more than 'advertising and solicitation," and thus is ... insufficient for jurisdictional purposes."); Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd., 64 F.Supp.2d 448, 451 (E.D.Pa. 1999)("hold[ing] that the establishment of a website through which customers can order products does not, on its own, suffice to establish general jurisdiction" because this "would effectively hold that any corporation with such a website is subject to general jurisdiction in every state"); see also 16-108 Moore's Fed. Prac.-Civ. §108.44 &

n. 21 ("[I]t is now common for businesses of all types to have an internet website, typically with interactive capability through which customers can communicate with the business and order products. If general jurisdiction were to be predicated on these types of contacts alone, most businesses would be subject to personal jurisdiction in every forum").

Atlanta's limited sales to a small number of California customers do not change the outcome either. Plaintiff solicited its single purchase from Atlanta by initiating the discussions on the order. Plaintiff completed these discussions at Atlanta's office after traveling there to inspect samples of the phones it was buying. Atlanta conducted all discussion on this order in Georgia. Plaintiff completed this purchase in Georgia: it sent a trucking company to pick up the phones at Atlanta's office, F.O.B. Georgia, sent payment there; Atlanta accepted and filled its order there; and Atlanta did not service the phones thereafter. Likewise, Atlanta's small sales to nine to twelve California customers, excluding plaintiff, totaled less than 1% of its total sales in those years. All but three of these customers, on their own, solicited their initial purchase, and all of them also solicited their subsequent purchases. Thus, these limited sales as a whole do not suffice for general jurisdiction. Molnlycke, 64 F.Supp.2d at 452 ("it is impossible for the court to find that the small percentage of sales [i.e., sales less than 1 percent] constitute continuous and systematic business within the forum state");

See, also, Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-1243 (9th Cir. 1984) (foreign corporation's sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through mail and showroom display, and attending trade shows and sales meetings insufficient for general jurisdiction).

In short, taken together, the totality of Atlanta's contacts do not establish substantial, continuous and systematic contacts, i.e. minimum contacts, to support general jurisdiction.

#### ii. Exercising General Personal Jurisdiction Would Be Unreasonable

As set forth below, it would be unreasonable to exercise general jurisdiction over Atlanta. In this regard, the same test is used to determine whether it would be reasonable to exercise general or specific jurisdiction. Amoco, 1 F.3d at 851.

### 3. Plaintiff Cannot Establish Specific Personal Jurisdiction Either

If plaintiff meets its burden of satisfying the first two prongs of the specific jurisdiction test, the burden then shifts to the defendant to show that exercise of jurisdiction is unreasonable. Schwarzenegger, 374 F.3d at 802. Without meeting the first two prongs of the specific jurisdiction test, there is no minimum contacts. Id.

**i. Atlanta Has Not Purposefully Availed Itself of California**

The Ninth Circuit has construed the first prong of the specific jurisdiction test to include both purposeful availment and purposeful direction. Id. "A purposeful availment analysis is most often used in suits sounding in contract", typically consisting of evidence of defendant's actions in the forum, such as executing or executing a contract in the forum. Id.

Here, the evidence only establishes that the contract was entered into, performed and completed in Georgia. Plaintiff completed the negotiations on the contract at Atlanta's office after traveling there to inspect samples of the phones it was buying, whereas Atlanta conducted all contract negotiations in Georgia. Plaintiff sent a trucking company to pick up the phones at Atlanta's office, F.O.B. Georgia, sent payment there; Atlanta accepted and filled its order there; and Atlanta did not service the phones thereafter.

**ii. Plaintiff's Claim Do Not Arise Out of or Result from Atlanta's California Contacts**

The Ninth Circuit applies a "but for" test to assess this prong. Plaintiff must show that but for Atlanta's contacts with California, its claims would not have arisen. Glencore, 284 F.3d 1123 ("Glencore Grain must show that it would not have been injured 'but for' Shivnath Rai's contacts with California") As set forth above, the contract negotiations were completed in Georgia after Plaintiff

inspected samples of the goods there, required performance there by a Georgia corporation, payment for its performance was sent to Georgia, and the sold phones were also picked up there by Plaintiff's trucking company. Thus, Plaintiff's claims do not arise from or result from Atlanta's California contacts. Id. ("The contracts giving rise to the dispute were negotiated abroad, involved foreign companies, and required performance (i.e. delivery of rice) in India. In short, Glencore Grain's claim does not arise out of conduct directed at or related to California.")

Therefore, Plaintiff cannot meet its burden of establishing the first two prongs of the specific jurisdiction test, i.e., minimum contacts.

**iii. Exercising Specific Personal Jurisdiction Would Be Unreasonable**

The test for reasonableness is the same as that used in the general jurisdiction context, requiring an analysis of seven factors: (1) the extent of purposeful interjection; (2) the burden on the defendant to defend the suit in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. Amoco, 1 F.3d at 851. As shown below, the balance of these

factors militates strongly in favor of finding it would be unreasonable to exercise jurisdiction over Atlanta.

*Extent of purposeful interjection.* The analysis of this factor is analogous to that for purposeful availment. Frank Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir, 1988). "'Whether dealing with specific or general jurisdiction, the touchstone remains 'purposeful availment'" to ensure that "a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous' or 'attenuated' contacts". Glencore, 284 F.3d at 1123. In the general jurisdiction context, the purposeful interjection standard "parallels the question of minimum contacts." Amoco, 1F.3d at 852.

Atlanta did not purposefully interject itself. As established above, there is no purposeful availment by Atlanta, and it does not have substantial, continuous and systematic contacts with California.

*Burden on defendant to defend here.* The burden on Atlanta to defend this case in California is great. Atlanta is a small Georgia corporation with just six employees, and its only and principal place of business is in Duluth, Georgia. Travel of its executives and other employees to California would be extremely burdensome and potentially damaging to the company's financial state. In addition, all of Atlanta's employees who are witnesses reside in Georgia, and none of them can be compelled to testify in California as they are not subject to subpoena there,

whereas the contrary is true for Georgia. All of Atlanta's documents are also in Georgia.

*Extent of conflict with sovereignty of defendant's state*. This factor favors Atlanta as it is substantially more likely Georgia law, whether under its UCC or contract common law, would apply as the contract negotiations were completed, and the contract was entered into, performed (procurement and delivery of the phones), paid for and completed (there was no servicing or subsequent work required of Atlanta after the sale) in Georgia. Further, samples of the phones were also inspected in Georgia before Atlanta accepted Plaintiff's order there.

*Forum state's interest in dispute*. Georgia has a greater interest than California in adjudicating this claim as the overwhelming locus of the events concerning the contract involving one of its corporate citizens took place there, from the negotiation stage to its completion. On the other hand, California has little interest in a contract claim where the contract was solicited from a Georgia citizen, entered into, performed, paid for and completed there.

*Most efficient forum for dispute resolution*. This factor favors neither side.

*Convenient and effective relief for plaintiff*. This factor is also neutral. While Plaintiff is in California, it is not the most effective forum for plaintiff as Atlanta's employee witnesses cannot be subpoenaed here.

*Existence of an alternative forum.* The Northern District of Georgia is an appropriate alternative forum. Thus, plaintiff cannot meet its burden of establishing the unavailability of an alternative forum. Pacific Atlantic Trading Co.,Inc. v. M/V Main Exp., 758 F.2d 1325, 1331 (9th Cir. 1985).

In conclusion, it is unreasonable to hale Atlanta into California to defend this suit.

**B. VENUE IS IMPROPER HERE AND, ALTERNATIVELY, IF THE COURT DOES NOT DISMISS THIS ACTION IT SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA**

Plaintiff has the burden of establishing proper venue. PI, Inc. v. Quality Products, Inc., 907 F.Supp. 752, 757 (S.D.N.Y. 1995). Here, California is not the proper venue because Atlanta resides in Georgia, the overwhelming locus of events concerning the contract occurred there and there is no personal jurisdiction over Atlanta here. 28 U.S.C. § 1391(a).

Similarly, for the reasons set forth above, venue should be transferred to the Northern District of Georgia, if the court were inclined not to dismiss this action, as the transferee court has diversity jurisdiction, Atlanta is subject to jurisdiction there, and venue is also proper there. 28 U.S.C. §§ 1404(a), 1391(a)(1), (a)(2) and (c); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (The Ninth Circuit considers the following factors in determining whether

to transfer venue: "[t]he private interest factors relevant in this case include (1) convenience to the parties, (2) convenience to the nonparty witnesses, (3) relative ease of access to sources of proof, and (4) plaintiff's choice of forum. The public interest factors include (1) judicial economy, (2) availability of compulsory process, (3) familiarity with governing state law, and (4) trial efficiency.")

## IV. CONCLUSION

For the reasons set forth above, Defendant Atlanta respectfully requests the Court to dismiss this action for lack of personal jurisdiction and improper venue, or alternatively, to transfer it to the Northern District of Georgia.

LAW OFFICES OF STEVE TSAI, ALC

Dated: July 24, 2009

By: */s/Steve T. Tsai*
Steve T. Tsai, Attorneys Specially Appearing for Defendant PEACOCK COMMUNICATIONS ATSSC, INC.